# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WASHINGTON COUNTY BOARD OF EDUCATION, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-19-1854 |
| MALLINCKRODT ARD, INC., et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

Now pending before the Court is Mallinckrodt[1] and Express Scripts'[2] motion to strike the Washington County Board of Education's notice of voluntary dismissal. (Mot. Strike, ECF No. 99.) The motion is fully briefed. No hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the Court will grant the motion.

### I.   *Factual Background*

On June 24, 2019, the Washington County Board of Education ("Plaintiff") filed suit against Mallinckrodt and Express Scripts (collectively, "Defendants") alleging state law violations in relation to the sale and distribution of a drug, Acthar.[3] (Compl., ECF No. 2.) Shortly thereafter, Defendants moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(6) for failure

---

[1]   "Mallinckrodt" consists of defendants Mallinckrodt plc and Mallinckrodt ARD (collectively, "Mallinckrodt").
[2]   "Express Scripts" consists of defendants Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc., Priority Healthcare Corp., Priority Healthcare Distribution, Inc., Accredo Health Group, Inc., and United BioSource Corporation (collectively, "Express Scripts").
[3]   Plaintiff also filed suit against Gregg Lapointe, who the Court dismissed from this case with prejudice after concluding that he had been fraudulently joined. (Mem. Op. at 12, ECF No. 96.)

to state a claim, and Plaintiff responded by filing an amended complaint. (ECF Nos. 23, 25, 36.) Defendants then moved to dismiss the amended complaint contending that the amended complaint failed to remedy the deficiencies Defendants had previously identified. (ECF Nos. 51, 56.) The Court ultimately agreed with Defendants, and on January 3, 2020, the Court entered an order granting Defendants' motions to dismiss the amended complaint and closing the case. (Mem. Op. and Order, ECF Nos. 96, 97.) The Court did not explicitly state whether Plaintiff's claims were dismissed with or without prejudice. (*Id*.)

Three and a half weeks later, Plaintiff filed a notice of voluntary dismissal citing Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Not. Voluntary Dismissal, ECF No. 98.) Defendants moved to strike Plaintiff's notice of voluntary dismissal contending Plaintiff cannot voluntarily dismiss claims that were already involuntarily dismissed by the Court. (Mot. Strike at 2.) Plaintiff filed an opposition and Defendants a reply.[4] (ECF Nos. 100, 103.) The Court now considers whether to grant Defendants' motion to strike Plaintiff's notice of voluntary dismissal.

## *II.   Analysis*

Plaintiff contends its notice of voluntary dismissal was proper because Rule 41(a)(1)(A)(i) permits voluntary dismissal any time before the opposing party serves an answer or a motion for summary judgment. (Opp'n Mot. Strike at 6, ECF No. 100-1.) Here, Plaintiff points out, Defendants never served answers or motions for summary judgment. (*Id.*) Plaintiff appears to concede that voluntary dismissal is not permitted where a plaintiff's claims have already been dismissed with prejudice, but Plaintiff contends that when the Court dismissed its claims under

---

[4] Plaintiff filed its opposition to Defendants' motion to strike five days after the deadline under Local Rule 105.2(a) and did not provide an explanation as to the reason for its untimeliness. In these circumstances, the Court has discretion whether to consider the untimely brief. *H & W Fresh Seafoods, Inc. v. Schulman*, 200 F.R.D. 248, 252 (D. Md. 2000). Because Defendants do not allege they were harmed by this delay, nor that they will be prejudiced by the Court's consideration of the opposition brief, the Court will, for the purposes of this case only, consider the untimely brief. *See id.*

Rule 12(b)(6), it did so without prejudice, as the Court did not explicitly say otherwise. (*Id.* at 6 n.3.)

Plaintiff cannot ultimately prevail under this theory, however, because when the Court dismissed Plaintiff's claims under Rule 12(b)(6), it did so with prejudice. The Court was not required to explicitly state that dismissal was with prejudice for it to be true: in the Fourth Circuit, it is presumed that dismissal under Rule 12(b)(6) is with prejudice unless the court states otherwise. *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) ("Courts have held that, unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice."); *Carter v. Norfolk Cmty. Hosp. Ass'n,* 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice.") Therefore, when the Court granted Defendants' motion to dismiss under Rule 12(b)(6), the presumption applied, and Plaintiff's claims were dismissed with prejudice.

Although Plaintiff has not directly challenged the decision to dismiss the claims with prejudice, the Court notes that dismissal with prejudice was appropriate here. When the Court ruled on Defendants' motions to dismiss Plaintiff's amended complaint, Plaintiff had already attempted once to remedy the deficiencies identified by Defendants and had failed to adequately do so. Moreover, Plaintiff did not propose any further amendments or explain how further amendment could remedy these persistent deficiencies. Dismissal with prejudice is appropriate in these circumstances. *See Adkins v. Bank of New York Mellon*, Civ. No. PWG-15-3886, 2017 WL 2215131, at *1 n.2 (D. Md. May 19, 2017) (dismissing plaintiff's claim with prejudice where plaintiff had already attempted once to remedy the deficiencies pointed out by defendants but failed to adequately do so); *see also United States ex rel. Campos v. Johns Hopkins Health Sys. Corp.*,

3

Civ. No. CCB-17-2156, 2018 WL 1932680, at *9 (D. Md. Apr. 24, 2018) (dismissing plaintiff's claims with prejudice where plaintiff did not seek leave to further amend his complaint nor suggest any way he could successfully remedy the complaint's deficiencies).

In sum, it was proper for the Court to dismiss Plaintiff's claims with prejudice and it effectively did so when it granted Defendants' motion under Rule 12(b)(6).  Because Plaintiff's claims were dismissed with prejudice, Plaintiff cannot now voluntarily dismiss those same claims without prejudice.  *Wilson-Cook Med., Inc. v. Wilson*, 942 F.2d 247, 252 (4th Cir. 1991) ("Once a court has dismissed a claim with prejudice, a party cannot, of course, voluntarily dismiss that same claim, without prejudice."); *Johnson v. Affiliated Computer Servs., Inc.*, 500 F. App'x 265, 267 (5th Cir. 2012) ("[Plaintiff's] attempted Rule 41 notice of voluntary dismissal, which he filed after the court's dismissal with prejudice, was a nullity.")  Therefore, the Court will grant Defendants' motion to strike Plaintiff's notice of voluntary dismissal.

### III.     Conclusion

For the foregoing reasons, an Order shall enter granting Defendants' motion to strike Plaintiff's notice of voluntary dismissal.

DATED this 15th day of May, 2020.

BY THE COURT:

/s/
_____
James K. Bredar
Chief Judge