FILED: September 28, 2020

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-1643
(1:19-cv-01854-JKB)

WASHINGTON COUNTY BOARD OF EDUCATION,

        Plaintiff - Appellant,

v.

MALLINCKRODT ARD, INC., f/k/a Questcor Pharmaceuticals, Inc.; MALLINCKRODT PLC; EXPRESS SCRIPTS HOLDING COMPANY; EXPRESS SCRIPTS, INC.; CURASCRIPT, INC., d/b/a Curascript, SD; PRIORITY HEALTHCARE CORP., d/b/a Curascript SD, d/b/a Curascript Specialty Distribution SD; PRIORITY HEALTHCARE DISTRIBUTION, INC., d/b/a Curascript SD, d/b/a Curascript Specialty Distribution SD; ACCREDO HEALTH GROUP, INC.; UNITED BIOSOURCE CORPORATION,

        Defendants - Appellees.

O R D E R

Washington County Board of Education (WCBOE) seeks to appeal the district court's postjudgment order striking its notice of voluntary dismissal. Appellees have moved to dismiss the appeal for lack of jurisdiction. Alternatively, they seek summary affirmance, contending that WCBOE's arguments are manifestly unsubstantial. *See* 4th Cir. R. 27(f)(1).

Initially, we reject Appellees' contentions that we lack jurisdiction over this appeal. The district court's order striking the notice of voluntary dismissal was a final order appealable under 28 U.S.C. § 1291. *See United States v. Doe*, 962 F.3d 139, 143-44 (4th Cir. 2020) (postjudgment orders generally are final and appealable under § 1291); *see also United States v. Ray*, 375 F.3d 980, 986 n.7 (9th Cir. 2004) (distinguishing nonappealable ministerial or administrative order from appealable judicial decision); *Isidor Paiewonsky Assocs., Inc. v. Sharp Props. Inc.*, 998 F.2d 145, 150 (3d Cir. 1993) (addressing circumstances under which postjudgment order is merely "administrative"). Further, we conclude that the appeal is not moot, as its resolution conceivably could affect WCBOE's rights with respect to future litigation. *See Star v. TI Oldfield Dev., LLC*, 962 F.3d 117, 130 (4th Cir 2020) (discussing mootness); *United States v. Under Seal*, 853 F.3d 706, 723 (4th Cir 2017) (observing that, "a concrete interest, however small, in the outcome of the litigation" preserves live controversy (internal quotation marks omitted)).

Turning to the merits, our review of the parties' submissions convinces us that the appeal is "manifestly unsubstantial and appropriate for disposition by motion." *See* 4th Cir. R. 27(f)(1). WCBOE's arguments rest on its construction of the district court's dismissal order as dismissing its claims against Appellees without prejudice. Those arguments are based on a plain misreading of the district court's order, and they conflict with binding authority from the Supreme Court and this court. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020); *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) (collecting cases), *abrogated on other grounds by Lomax*, 140 S. Ct. 1721; *Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985). Under our extant

authority, the prior dismissal with prejudice precluded WCBOE from later voluntarily dismissing the same claims without prejudice. *Wilson-Cook Med., Inc. v. Wilson*, 942 F.2d 247, 252 (4th Cir. 1991). To the extent that WCBOE relies on *In re Bath & Kitchen Fixtures Antitrust Litigation*, 535 F.3d 161 (3d Cir. 2008), that case is plainly distinguishable, as it speaks to a voluntary dismissal filed after an interlocutory dismissal without prejudice. In short, WCBOE provides no colorable basis for challenging the district court's order.

Accordingly, we deny Appellees' motion to dismiss and grant Appellees' motion for summary affirmance. We decline to impose sanctions under Fed. R. App. P. 38.

Entered at the direction of the panel: Judge King, Judge Diaz, and Judge Richardson.

                For the Court

                /s/ Patricia S. Connor, Clerk